(53 App. Div. 389.)

SAFFEN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

CLERKS OF COURTS—REFILING COURT DOCUMENTS—COMPENSATION.

    Laws 1895, c. 739, authorizes the clerk of Kings county to rearrange the files of court proceedings, and to receive the same fee for each paper refiled as he is entitled to for filing a like paper, and that for such work he shall be allowed reasonable compensation, all of which shall be a county charge, audited and paid as other charges. *Held*, that this statute intended the expense of such work to be met by the fees received, and, if they were insufficient, any actual additional expense, together with the clerk's reasonable compensation, would be allowed him, and the clerk was not entitled to have the expenses of such work paid by the county, and to receive the fees as his personal compensation.

Appeal from special term, Kings county.

Action by Eliza A. Saffen, administratrix of Henry C. Saffen, deceased, against the city of New York. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

R. Percy Chittenden, for appellant.

Hugo Hirsh, for respondent.

WILLARD BARTLETT, J. I think the decision in this case is based upon a misapprehension of the purpose and effect of the act of the legislature under which the action is brought. That act is chapter 739 of the Laws of 1895. It is entitled "An act in relation to the clerk of the county of Kings." By the first section that officer is authorized "to have the various papers, documents and records relating to suits, special proceedings and indices filed in his office examined and assorted and thereupon arranged in such a manner that the same can be easily found and be readily accessible to those desirous of examining or using the same." The second section of the statute deals with two matters: First, the expenditures necessary to do the work; and, secondly, the county clerk's compensation for the services to be performed by him. "For the purpose of defraying the expense necessary and incurred for such examination, assortment and arrangement in the first section directed," the county clerk is declared to be authorized and entitled "to receive the same fee for each paper, document and record so filed in his office pursuant to this act, as he is now legally entitled to receive for filing like papers in his office." The second section further provides that for examining, assorting, and arranging such papers, documents, and records, "the said clerk shall be entitled to and allowed such compensation as is just and reasonable; all of which shall be a county charge, and audited and paid as other such charges are allowed and paid." Under that provision of the second section which relates to the expenditures necessarily incurred in the progress of the work, the late Henry C. Saffen, as county clerk of Kings county, received from the city of Brooklyn, as filing fees, the sum of $57,778.62. The present suit is brought by his administratrix to recover his just and reasonable compensation under the second provision of the second section. The plaintiff claimed as such compensation, and has been awarded by the referee, the sum of $76,597.50, with interest from December 29, 1897. The proof showed that there were 153,195 papers examined, assorted, and arranged in the county clerk's office, as to which nothing was paid to the clerk by way of filing fees. The referee found that a just and reasonable compensation for examining, assorting, and arranging these papers, documents, and records was fifty cents apiece, and in this manner he fixed the amount for which he directed judgment.

It seems to me quite clear that the legislature, in enacting chapter 739 of the Laws of 1895, intended three things: (1) To have the papers in the county clerk's office rearranged so as to be more readily accessible; (2) to have the county reimburse the clerk for the money which he should have to expend in order to get the work done; and (3) to have the county also pay the clerk a reasonable compensation for the additional labor which the statute should impose upon him. The act was not designed to sanction a money-making enterprise for the benefit of a public officer. The public interests demanded a rearrangement of the papers in the county clerk's office, but they also required that nothing should be paid, in order to effect the desired rearrangement, except the actual cost of bringing it about, and such additional sum as should fairly compensate the clerk for any increased burden of

work which he might personally have to sustain in order to carry out the mandate of the statute. The filing fees provided a fund for defraying the expenses of the work as it went on, which the legislature probably supposed would prove sufficient to cover the entire expenditure which might be required; but if those fees, in the aggregate, were insufficient for that purpose, the clerk, under a fair construction of the second section, would undoubtedly be entitled to have any additional actual expenses made good to him, besides receiving his just and reasonable compensation. If this interpretation of the act of 1895 is correct, the method of ascertaining the amount to which Mr. Saffen or his personal representative was entitled is very simple, and quite different from that which was adopted on the trial of the present action: First, the plaintiff should have proved the actual cost of the work, by showing how many persons were employed upon it or in relation to it, in whatever capacity, the nature and duration of their employment, and the amount paid to each. If the aggregate expenditure thus proven was more than the $57,778.62 paid to Mr. Saffen by way of filing fees, the plaintiff was entitled to recover the excess. If it was less, it would appear that the clerk has received all that is due on account of expenses. In regard to the matter of compensation, proof should be given as to the time and labor devoted by Mr. Saffen to the performance of his duties under the statute; and the value of the additional services performed by him should be awarded to the plaintiff, as the just and reasonable compensation provided for in the act. It was error to try the case upon the theory that the county clerk was entitled to personal compensation at so much a paper for services performed, not by himself, but by various persons employed by him to do the work, and paid out of moneys received by him from the county. The elements of cost and compensation were not kept sufficiently distinct. All the work that other persons did was to be paid for by the county through the filing fees, if they proved sufficient, or additional funds from the county treasury, if needed. Beyond this, the compensation of the county clerk was to be only for what he should do himself, by way of direction, supervision, or otherwise. He was to be paid, and his employés were to be paid, the actual, fair, and reasonable value of the work done by each. There is no evidence in this record to show what services, if any, were personally performed by Mr. Saffen in reference to the rearrangement of the papers in his office. There is, therefore, no sufficient basis for a judgment fixing the amount of the compensation to which he is entitled.

Judgment reversed, and new trial granted before a new referee, to be appointed at special term; costs to abide the event. All concur.